IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

DENNIS GORDON,                              *
                                            *
            Plaintiff,                      *
v.                                          *
                                            *       No. 4:16-cv-00067-JJV
CAROLYN W. COLVIN,                          *
Acting Commissioner, Social Security        *
Administration,                             *
            Defendant.                      *

**MEMORANDUM AND ORDER**

Plaintiff, Dennis Gordon, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for disability benefits and supplemental security income. After a remand from the Appeals Council, the Administrative Law Judge (ALJ) concluded Plaintiff had not been under a disability within the meaning of the Social Security Act. (Tr. 19-27.) The Appeals Council then denied Plaintiff's request for a review (Tr. 1-3), making the ALJ's decision the final decision of the Commissioner.

This review function is extremely limited. A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and to analyze whether Plaintiff was denied benefits due to legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, a court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. A court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an

opposite decision.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute.  Therefore, they will not be repeated in this opinion except as necessary.  After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was sixty-one years old at the time of the most recent administrative hearing.  (Tr. 39.)  He testified he was a high school graduate.  (Tr. 40.)

Plaintiff alleges he is disabled due to a combination of impairments.  The ALJ[1] found Mr. Gordon had not engaged in substantial gainful activity since September 2, 2011 – the amended alleged onset date.  (Tr. 22.)  He has "severe" impairments in the form of degenerative disc disease of the lumbar spine and hypertension.  (*Id.*)  The ALJ further found Mr. Gordon did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[2]  (Tr. 22.)

The ALJ determined Mr. Gordon had the residual functional capacity to perform a reduced range of medium work.  (Tr. 23.)  The ALJ found Mr. Gordon had no past relevant work (Tr. 25), so utilizing the services of a vocational expert (Tr. 49-50), she addressed whether other work existed in significant numbers that Plaintiff could perform despite his impairments.  Based upon the hypothetical questions posed to the vocational expert, the ALJ concluded Mr. Gordon could perform

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

the job of cook's helper.  (Tr. 26.)  Accordingly, the ALJ determined Mr. Gordon was not disabled. (*Id.*)

In support of his Complaint, Plaintiff argues the ALJ erred by determining he was capable of performing medium work.  (Doc. No. 12 at 8-11.)  The ALJ assessed that Mr. Gordon has the residual functional capacity to perform medium work, "with the limitations that he can only occasionally stoop or crouch."  (Tr. 23.)

I have carefully considered Plaintiff's argument and find it to be without merit.  Although Plaintiff has some limitation, mainly as the result of a motor vehicle accident, the medical evidence reveals he is generally healthy.  (Tr. 554-555.)

The critical inquiry is whether Plaintiff has presented sufficient evidence to support his claim of disability.  A Social Security claimant bears the burden of proving disability, *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996), and he has not met this burden.  "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment ... results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Norman Pledger, M.D., performed a general physical examination of Plaintiff and reported nothing that could be considered disabling. (Tr. 489-493.)  And while completed without the benefit of examining Plaintiff, the Physical Residual Functional Capacity Assessment by David L. Hicks, M.D., is consistent with the medical evidence and supports the ALJ's conclusions.  (Tr. 499-506.)

Plaintiff further argues the ALJ incorrectly concluded his allergic rhinitis and arthralgia of

the right elbow were not "severe" impairments. (Doc. No. 12 at 11-12.)  If Plaintiff's conditions were "severe" impairments, they would, by definition, limit Plaintiff's ability to perform basic work activity.  A "severe" impairment is one that significantly limits a claimant's physical or mental ability to do basic work activities.  *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Browning v. Sullivan*, 958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. §§ 404.1520(c), 416.920(c) (2008).  It has "more than a minimal effect on the claimant's ability to work." *Hudson v. Bowen*, 870 F.2d 1392, 1396 (8th Cir. 1989); *accord, Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *Page v. Astrue*, 484 F.3d 1040, 1043 (8th Cir. 2007).  To the contrary, a non-severe impairment is defined as:

> (a) *Non-severe impairment(s).*  An impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities.
> (b) *Basic work activities.*  When we talk about basic work activities, we mean the abilities and aptitudes necessary to do most jobs.  Examples of these include--
> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

20 C.F.R. §§ 404.1521, 416.921 (2008).

In this case, I conclude Plaintiff's rhinitis and arthralgia do not amount to "severe" impairments.  With regard to his rhinitis, as the Commissioner points out, Plaintiff was counseled to quit smoking but he was "not interested." (Tr. 555.)  And there is no medical evidence showing any limitation from Plaintiff's arthralgia.  Therefore, the ALJ could rightly conclude these impairments were non-severe.

Plaintiff has advanced other arguments which I have considered and find to be without merit.

(Doc. No. 12 at 12-15.)  The ALJ's finding that Mr. Gordon could perform medium work during the relevant time period is supported by substantial evidence.  *Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence.  There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. at 401; *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004).  The Commissioner's decision is not based on legal error.

IT IS, THEREFORE, ORDERED that the final decision of the Commissioner is affirmed and Plaintiff's Complaint is dismissed with prejudice.

SO ORDERED this 27th day of October, 2016.

JOE J. VOLPE  
UNITED STATES MAGISTRATE JUDGE